UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Robert McNeely,   ) | CASE NO. 3:14 CV 1318 |
| ) | |
| Plaintiff,   ) | JUDGE DAVID A. KATZ |
| ) | |
| v.   ) | |
| ) | MEMORANDUM OPINION |
| Edward Sheldon, Warden, *et al*.,   ) | |
| ) | |
| Defendants.   ) | |

Plaintiff Robert McNeely, a *pro se* state prisoner currently incarcerated in the Allen/Oakwood Correctional Institution in Lima, Ohio, brings this action pursuant to 28 U.S.C. § 1983. He sues various officials and employees of the Toledo Correctional Institution (TCI), contending medical treatment he received there violated his rights under the Eighth Amendment. He has filed a motion to proceed *in forma pauperis* (Doc. No. 2) and a motion to appoint counsel (Doc. No. 4). Plaintiff's motion to proceed *in forma pauperis* is granted; his motion to appoint counsel is denied. In addition, for the reasons stated below, his complaint is dismissed upon initial screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**Standard of Review**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action at any time under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, 28 U.S.C. § 1915A requires a district court to dismiss at the screening stage any complaint in which a prisoner seeks relief from a governmental entity, officer, or employee that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

**Analysis**

The plaintiff challenges medical treatment he received for pain he experienced in his left knee while he was incarcerated at TCI. He alleges he complained of the pain to TCI medical staff on various occasions.

He alleges diagnostic tests and treatment were administered to him. He was provided a sleeve for his knee and an x-ray was performed. And he alleges the x-ray results showed "nothing [was] wrong with [his] knee." Nonetheless, the plaintiff's knee pain persisted and he inquired about MRI. He apparently requested an MRI on several occasions, but he was not provided an MRI. In his complaint, the plaintiff requests an MRI and "any and all proper medical procedures to correct any and all problems with [his] left knee," as well as $750,000.00 in monetary damages.

Even under the most liberal construction, the plaintiff's complaint is insufficient to allege a constitutional claim under the Eighth Amendment. Failure to provide adequate medical treatment to prisoners is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment when it results from "deliberate indifference" to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a claim for deliberate indifference, a plaintiff must show that (1) his medical condition posed a "substantial risk of serious harm" and (2) the defendant acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice." *Jennings v. Al-Dabagh*, 97 Fed. App'x 548, 549-50, 2004 WL 957817, at *1, citing *Farmer*, 511 U.S. at 835-36. "Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment." *Id.*, citing *Estelle*, 429 U.S. at 106. In addition, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Accordingly, a prisoner's disagreement with the testing and treatment he received does not rise to the level of an Eighth Amendment violation. *Dodson v. Wilkinson*, 304 Fed. App'x 434, 2008 WL 5378017, at *4 (6th Cir. Dec. 24, 2008).

The plaintiff's allegations indicate he was provided medical care and treatment for his knee pain, including having an x-ray administered that revealed nothing was wrong with his knee. Although the plaintiff contends his knee pain persists and he wants an MRI, his allegations are insufficient as a matter of law to demonstrate "deliberate indifference" to his medical needs. His allegations indicate that prison

personnel afforded him care for his knee pain but he believes an MRI is also needed. The plaintiff's belief that the treatment he received is inadequate is insufficient as a matter of law to state a viable constitutional claim. At the most, the plaintiffs allegations demonstrate he disagrees with the type of care he was provided, which does not rise to the level of "deliberate indifference" under the Eighth Amendment.

## Conclusion

Accordingly, for the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. Further, the court certifies pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE